Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANK ZUBRADT, Respondent, for Compensation under the Workmen's Compensation Law, v. ESTATE OF GEORGE SHEPARD, Employer, and MASSACHUSETTS BONDING AND INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

**Workmen's Compensation Law — injury to employee engaged in hazardous employment incidental to non-hazardous business of employer — amount of award — method of computation.** .

A janitor who, while engaged in cleaning windows, a hazardous employment, fell to the street sustaining serious injuries, is entitled to an award under the Workmen's Compensation Law, his employment being incidental to the non-hazardous business of his employer, who was engaged in operating apartment houses.

The award in such case of seven dollars and seventy-nine cents per week is practically correct as to amount, and should be affirmed, although some difference of opinion may exist as to the proper method of computation.

APPEAL by the defendants, Estate of George Shepard and another, from an award of the State Industrial Commission made on the 5th day of March, 1917.

*Nellis & Nellis* [*Merwyn H. Nellis* of counsel], for the appellants.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

LYON, J.:

The employer estate was engaged in operating apartment houses in the city of New York for pecuniary gain which was a non-hazardous occupation. The claimant was the janitor. One of his duties as such was to clean the windows. This employment was classified by the amendment of 1916 (Chap. 622, amending § 2, group 22), which went into effect June first of that year, as hazardous. In November, 1916, while engaged in cleaning a window he fell to the street, sustaining serious injuries. At the hearings before the State Industrial Commission objection was made by the insurer to the making of an award upon the ground that the employer's business was not one

classified as hazardous under the Workmen's Compensation Law. The Commission properly disregarded the objection and made the award. It was held in the case of *Matter of Mulford* v. *Pettit & Sons* (220 N. Y. 540), as to an accidental injury happening in July, 1915, that an employee while engaged in a hazardous employment which was incidental to the non-hazardous business of his employer was entitled to compensation. By the amendment of subdivision 4 of section 3 of the Workmen's Compensation Law by chapter 622 of the Laws of 1916, the doubt which had existed previously to the *Mulford* decision, as to the proper construction of the subdivision, under facts similar to those presented by the case at bar, was removed, the amendment providing " 'Employee' means a person engaged in one of the occupations enumerated in section two."

Exception was also taken by the insurer to the amount of the award of seven dollars and seventy-nine cents per week. While owing to the nature of claimant's compensation for services some difference of opinion may exist as to the proper method of computation, we are satisfied that the award does no injustice to the appellant, and is practically correct.

The award should be affirmed.

Award unanimously affirmed.