BENJAMIN BROCKETT, Respondent, *v.* FRED MIETZ, Appellant.

Fourth Department, July 2, 1918.

**Workmen's Compensation Law — farm work — logging.**

Although a farm laborer is engaged in logging, a hazardous employment under group 14 of section 2 of the Workmen's Compensation Law, when injured, he is specifically excepted from the provisions of the act by subdivision 4 of section 3 thereof.

The mere fact that a farm hand was engaged in getting out logs which were to be sold as lumber, did not take his employment out of what is generally understood to be farm labor.

HUBBS, J., dissented, with memorandum.

APPEAL by the defendant, Fred Mietz, from a judgment of the County Court of Oswego county in favor of the plaintiff, entered in the office of the clerk of said county on the 18th day of June, 1917, upon the verdict of a jury for $300, and also from an order entered in said clerk's office on the 8th day of August, 1917, denying defendant's motion for a new trial made upon the minutes.

*Frank Hopkins,* for the appellant.

*Davies & Wilkinson* [*Albert T. Wilkinson* of counsel], for the respondent.

PER CURIAM:

The plaintiff has recovered a verdict for personal injuries received on December 16, 1916, while at work for the defendant. A load of logs was being hauled to a mill. The plaintiff was the teamster. The defendant was present when the logs were loaded. He thought it was unnecessary to bind the load, but a failure to do so resulted in the load tipping over or in some way becoming disarranged, injuring the plaintiff.

The defendant is a farmer and the logs were cut on his farm and the plaintiff may fairly be classed as a farm hand.

The question is whether plaintiff's employment is within the Workmen's Compensation Law. The trial judge held it was and if he is right it was proper to instruct the jury as he did, that if the defendant was negligent neither the plaintiff's contributory negligence nor the assumption of risk would bar a recovery. (See Workmen's Compensation Law [Consol. Laws, chap. 67; Laws of 1914, chap. 41], § 11, as amd. by Laws of 1916, chap. 622.)

While lumbering and logging are classed as hazardous employments by the Workmen's Compensation Law (§ 2, group 14, as amd. by Laws of 1916, chap. 622) and while plaintiff, the employee, would be included within the general language of subdivision 4 of section 3 (as amd. by Laws of 1916, chap. 622) as engaged in a hazardous occupation, still it

is expressly provided in subdivision 4 of section 3 of the act that the term " employee " shall not include farm laborers or domestic servants, so that even if a farm laborer is engaged in logging he is specifically excepted from the provisions of the act. We think the jury could find that the logging was farm work. It was in the winter time; defendant and two or three men were getting out logs on his farm, and merely because he was going to sell the lumber did not, we think, take it out of what is generally understood to be farm labor.

The judgment should be reversed, with costs to the appellant to abide the event, and a new trial ordered.

All concurred, except HUBBS, J., who dissented and voted for affirmance in a memorandum.

HUBBS, J. (dissenting):

I think the opinion in the case of *Uhl* v. *Hartwood Club* (221 N. Y. 588), which was not cited in the briefs or called to the court's attention on the argument, when read in connection with the dissenting opinion in the same case (177 App. Div. 46), clearly establishes the fact that the plaintiff in this action comes within the Workmen's Compensation Law, The decision in the Court of Appeals disposes of the argument that the defendant's lumbering was a mere incident to his farm business. (See, also, *Zubradt* v. *Estate of Shepard*, 180 App. Div. 20.)

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.