IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1921, IN THE
ONE HUNDRED SIXTH YEAR OF THE STATE.

---

### HANNA ET AL. *v.* WARREN.

[No. 11,191. Filed November 29, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Farmer Mining Surface Coal.*—*Employe's Right to Compensation.*— Where farmers engaged in mining surface coal and transporting it in wagons to cars in which it was loaded under a contract with a third person, who agreed to buy the coal at a specified price per car, the owner of the farm receiving a share of the net profits and a royalty for each ton mined and shipped, the farmers, while conducting such business, were not engaged in farm labor, but were engaged in mining within the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), and were liable for compensation for injuries to an employe sustained in the course of his employment.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Louis Warren against Newton Hanna and others. From an award for applicant, the defendants appeal. *Affirmed.*

*James B. Filbert* and *A. M. Beasley,* for appellants.
*John A. Riddle,* for appellee.

McMAHAN, J.—This is an appeal from an award by the Industrial Board. The facts are in substance as follows: At the time of the accident to appellee and for many years prior thereto appellant Lemuel Hanna owned a farm in Greene county. He lived upon this

farm practically all his life and had never followed any occupation or business other than farming except as hereinafter stated. At said time and for many years prior thereto, appellant Newton Hanna made his home with appellant Lemuel Hanna and worked with him upon said farm. Appellant Raymond Brown is the son-in-law of appellant Lemuel Hanna. About September 1, 1920, Roy Price made an offer to appellants to buy from them such coal as they would be able to put in cars at the Vicksburg switch and offered them such a price therefor that they were induced to engage in mining and loading coal from an out-crop on said farm. Appellants with the assistance of appellee and other employes engaged in mining and loading coal from said out-crop pursuant to said contract with Roy Price. In such work appellants made no investment in any machinery or mining tools of any kind, but used their farm teams, wagons, scrapers and shovels in loading such coal. The coal cropped out upon the surface of said farm, required no mining and no operation, except to blast it and load it in wagons and haul and shovel the coal into the cars. Appellants, except for a short time in 1916, had never marketed coal from this out-crop and the total time they operated did not exceed four weeks, during which time they mined and loaded between twenty and twenty-five cars, then quit the work for the reason that the market price of coal became so low that the loading thereof by them ceased to be profitable. Appellee, while working for appellants as aforesaid, received an injury which resulted in the total loss of sight in his right eye.

The Industrial Board found that the accident and injury to appellee arose out of and in the course of his employment and awarded him compensation at the rate of $13.20 a week for 150 weeks.

There is no merit in the contention that the award

is not sustained by sufficient evidence. The evidence is that appellee had been earning nearly $7 a day, and that as a result of the accident and injury to his eye had lost over ninety per cent. of the vision of one eye.

Appellants contend that they are farmers, and as such are not subject to the Workmen's Compensation Laws (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918). This contention cannot prevail. At the time of the accident and for several weeks prior thereto appellants were mining and loading coal under an agreement, whereby appellant Lemuel Hanna received one-half of the net profits from the business and a certain royalty for each ton of coal mined and shipped. Appellants, while engaged in this work, were not engaged in farm labor as that term is generally understood. They were at the time of the accident and injury to appellee engaged in the mining business and subject to the provisions of the Workmen's Compensation Laws, *supra.*

There is no evidence to support the claim that appellee's injury was the result of his wilful misconduct. The award is affirmed: