(No. 14822.—Judgment affirmed.)

THE JOHN M. SMYTH COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SOPHRANIE LEE, Admx. Defendant in Error.)

*Opinion filed December 19, 1922.*

1. WORKMEN'S COMPENSATION—*dependency is a question of fact for Industrial Commission.* Dependency, and the extent thereof, are questions of fact for the Industrial Commission, and courts will not interfere when the facts are controverted unless it can be said that the finding of the commission is against the manifest weight of the evidence.

2. SAME—*what is the test for determining dependency.* The test for determining dependency is whether the contributions were relied upon by the dependent as a means of living as determined by his or her position in life or whether the dependent was to a substantial degree supported by the employee at the time of the latter's death.

3. SAME—*what determines proportion or percentage of dependency.* Dependency being shown to exist, the proportion or per-

centage is determined not by the amount of the contribution but by the proportion such contribution bears to the cost of living in the dependent's station in life.

4. SAME—*when award for fifty per cent dependency is proper.* Where the contributions of a son for whose accidental death the mother is seeking compensation amount to practically the same as the compensation the mother is receiving from the government for the death of another son in army service and there is no evidence of an income from any other source, an award for fifty per cent dependency is proper where there is no showing that the mother did not require both contributions for her support.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

JOHN CLARK BAKER, for plaintiff in error.

HARRY D. KNIGHT, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a compensation case. The only question involved is that of dependency. At the time of his death the employee, James J. Lee, lived with his mother, the defendant in error. Her testimony before the arbitrator shows that he contributed the sum of $20 per week for household expenses. At the same time she was receiving from the United States government, by reason of the death of a son in service, the sum of $57.50 per month. Her testimony shows that all of the money she received as compensation from the government for the death of her other son and the money received from James was put into a common account, and she paid the living expenses both of herself and James out of this account. The arbitrator found a dependency of fifty per cent and awarded compensation on that basis, aggregating $2964.

Plaintiff in error contends that the record does not show fifty per cent dependency. Dependency, and the extent thereof, are questions of fact for the Industrial Commission, and courts will not interfere when the facts are

controverted unless it can be said that the finding of the commission is against the manifest weight of the evidence. (*Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 303 Ill. 540; *Otis Elevator Co.* v. *Industrial Com.* 302 id. 90.) The test for determining dependency is whether the contributions were relied upon by the dependent as a means of living as determined by her position in life, or whether the dependent was to a substantial degree supported by the employee at the time of the latter's death. (*Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com. supra.*) Dependency being shown to exist, the proportion or percentage is determined, not by the amount of the contribution but by the proportion such contribution bears to the cost of living of the dependent in her station in life.

The defendant in error was the only person testifying as to the amount which the deceased gave her as a contribution for her support. She received from James $20 per week and from the United States government the sum of $57.50 per month, or $13.42 per week. The claimant's testimony before the commission showed that the usual and customary expense of room and board in the neighborhood in which the deceased resided was $6 per week. Assuming, therefore, that of the $20 contributed by the deceased $6 was for his board, it will be seen that he contributed to his mother $14 per week, and that she was receiving from the government for the death of the other son the sum of $13.42 per week. There is no showing that the defendant in error was accumulating or was receiving income from any other source or that she did not require the total sum of $27.42 for her support. If she did require that amount, it will be readily seen that the contributions of James were practically the same as the compensation insurance from the government. There was, therefore, basis in the evidence upon which the commission might determine a fifty per cent de-

pendency on the contribution of James and enter an award accordingly.

But it is contended by plaintiff in error that the testimony of the defendant in error was impeached by her testimony at the coroner's inquest. We have examined the record, and while her testimony at the inquest as to the amount which her son contributed toward her support during his lifetime does not agree with the statement made in her testimony before the arbitrator, yet the record also contains evidence that at the time of the inquest she was distracted and weeping, and her explanation of the discrepancy was in a measure substantiated by that fact. Plaintiff in error presents no evidence tending to contradict her statement as to the amount of such contributions nor her requirements. The deceased was thirty-five years of age at the time of his death. His wages were $28.50 per week. The award of the commission was not manifestly against the weight of the evidence.

The judgment confirming the award will be affirmed.

*Judgment affirmed.*