(No. 15967.—Reversed and remanded.)

O. T. PETERSON, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM BAGBY *et al.* Defendants in Error.)

*Opinion filed December 16, 1924—Rehearing denied Feb. 5, 1925.*

1. WORKMEN'S COMPENSATION—*an employer may be engaged in both hazardous and non-hazardous occupations.* It is not required by the Compensation act that an employer shall be exclusively engaged in one of the hazardous occupations enumerated in the act to make him liable for compensation but he may be engaged in one business which is not within the act and another which is within the act because it is hazardous.

2. SAME—*farmer engaged in hazardous business is within the Compensation act.* The fact that an employer is a farmer does not, alone, exempt him from the operation of the Compensation act where he engages on his farm in an independent extra-hazardous occupation which is within the terms of the act.

3. SAME—*when farmer operating saw-mill is within Compensation act.* A farmer who owns a large tract of timber land and operates a saw-mill thereon, cutting the timber into railroad ties and lumber which he sells to other parties, is engaged in an extra-hazardous business distinct from the business of farming although he retains some of the lumber for his own purposes and allows others to use the saw-mill, and he is within the Compensation act as to employees engaged in the operation of the saw-mill or the hauling of lumber therefrom.

4. SAME—*when evidence is not sufficient to support finding of partial dependency on son's earnings.* Where an employee made his home with his parents on a farm and was killed while working at a saw-mill on another tract of land near by, testimony of

the father that the son contributed to the support of the family both his earnings and his labor on the farm is not sufficient to support a finding of partial dependency where there is no evidence of the amount of the father's property, income or expenditures.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

SOELKE & JOHNSON, for plaintiff in error.

MILLER & STREETER, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

March 9, 1921, Willard N. Bagby, while in the employ of plaintiff in error received injuries resulting in his death. Defendants in error, William Bagby and Susie Bagby, his father and mother, filed their application for compensation under the provisions of the Workmen's Compensation act of Illinois. A hearing was had before an arbitrator, who found that the applicants were entitled to receive compensation from plaintiff in error for partial dependency and fixed the amount of such compensation. The Industrial Commission affirmed the arbitrator's award. The case was then taken to the circuit court of Kankakee county on writ of *certiorari,* where the decision of the Industrial Commission was confirmed, and the record is now here for review upon writ of error.

At the time of the accident plaintiff in error owned a tract of land of about 100 acres on an island in the Kankakee river, which land he had purchased about three years before that time. At the time of the purchase the land was covered with timber with the exception of about six acres, which had been cleared by the former owner. At the time of the hearing there were thirteen or fourteen cottages or cabins on the island which were used as summer homes. Plaintiff in error had a house, barn, chicken house, pig pen, shed, a team of horses, four head of cattle and two hundred chickens on the island. During his three years' resi-

dence on the island plaintiff in error had cleared from twenty to thirty acres, about twenty acres of which had been planted into corn between the stumps, which were from ten to twenty feet apart. He had an unenclosed saw-mill at the margin of the woods, which saw-mill he used for sawing the logs obtained from cutting the timber on the island, into railroad ties and lumber. The ties and lumber were sold to other parties, except a portion of the lumber which plaintiff in error retained. Some of plaintiff in error's neighbors used the saw-mill at times for their own purposes. Deceased had for some time been in the employ of plaintiff in error to haul logs to and lumber from the saw-mill and at times assisted in placing the logs upon the frame of the saw to be sawed. On the morning of the accident deceased went with plaintiff in error, with a hay-rack, down to the west end of the island to take some lumber to a man who had a cabin there. At the time of the accident deceased had left the team standing near the mill and was standing about twenty feet from it. The power was furnished to the mill by a steam motor. The steam engine was about the size of a threshing machine engine. The saws were about four feet in diameter. There was a carrier about twenty-five feet long. At the time of the accident there was a large piece of timber on the frame, and two boards were sent through the saw to be finished. They were cut from old wooden piling of soft wood. When these two boards were sent through the mill a workman started to take them off the carrier, and as he went to let them down they were caught by the saw and flew through the air and struck deceased and knocked him down. Death followed in about an hour. Deceased was there waiting for orders.

There can be no question but what the business of operating a saw-mill, such as the one described by the evidence in this case, is an extra-hazardous business, and ordinarily the operator and his employees engaged in that business

would come under the provisions of the Workmen's Compensation act. It is claimed by plaintiff in error, however, that he is a farmer, and that he and the deceased were exempted from the provisions of that act by reason of the provision therein that "nothing contained herein shall be construed to apply to any work, employment or operations done, had or conducted by farmers and others engaged in farming, tillage of the soil, or stock raising, or to those who rent, demise or lease land for any of such purposes, or to anyone in their employ or to any work done on a farm or country place, no matter what kind of work or service is being done or rendered." (Smith's Stat. 1923, sec. 3, par. 8, p. 979.)

It is not required by the Workmen's Compensation act that one shall be exclusively engaged in one of the hazardous occupations enumerated in the act to make him liable for compensation. A man may engage in two kinds of business,—one not within the Workmen's Compensation act and the other may be within the act because it is extra-hazardous. (*Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477; *Davis* v. *Industrial Com.* 297 id. 29.) While it was evidently the intention of the legislature that the Compensation act should be construed largely in favor of farmers, yet it was also the intention of the legislature that the act should be construed largely in favor of employees. It cannot be said that because a man is a farmer that that fact, alone, exempts him from the operation of the Workmen's Compensation act where he engages on his farm in an independent extra-hazardous occupation which is within the terms of the act. It certainly could not be contended that a man could own a large farm, operate a mine or a large manufacturing industry, and be exempted from the provisions of the act because such business was conducted upon his farm. Operating a saw-mill like the one in question, operated in the manner in which it was operated, is no part of the ordinary business of operating a farm. We are of the opinion that

plaintiff in error and the deceased at the time of the accident were both under the provisions of the Workmen's Compensation act.

It is claimed by plaintiff in error that William Bagby and Susie Bagby are not shown to have been dependent upon the deceased. Bagby owned 152 acres of land and rented 200 more near Momence. Bagby's undisputed testimony was that he was dependent upon deceased for support at the time of his death; that they got their living from the farm and depended upon deceased; that that was what got them along; that deceased contributed of his earnings to the home; that he got the benefit of the labor of deceased to make his living; that deceased did two-thirds of the labor on the farm; that witness has had rheumatism for seven or eight years; that plaintiff in error paid deceased weekly wages, which were given to Susie Bagby; that the wages always went into the items of family expense. Bagby testified that while deceased was working for him he never paid him any wages but gave him his board, clothing and some spending money. This evidence consists almost entirely of conclusions and not of statements of evidentiary facts. It does not disclose what receipts Bagby had from the 352 acres which he was farming, or what his disbursements were with reference thereto. It does not disclose whether or not he had other property. His income and the amount of his expenditures are not shown. There is not sufficient competent evidence in the record upon which to base a finding of partial dependency within the meaning of the Compensation act.

The judgment of the circuit court is reversed and the cause remanded to the Industrial Commission.

*Reversed and remanded.*