Argued December 10, affirmed December 15, 1925.

# ALBERT FREEMAN *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

(241 Pac. 385.)

**Master and Servant—Employee, Operating Wood-saw, Held Engaged in "Hazardous Occupation."**

1. An employee, who was injured while he was operating a wood-saw for his employer, who was engaged in such business, *held* entitled to compensation for injury as being engaged in a "hazardous occupation," within Section 6617, subdivision 1, Or. L., not incidental to farming, within Sections 6618, 6619.

**Master and Servant—Wood-sawing Operations on Farm Held Hazardous Occupation.**

2. That an employer whose employees assisted him in his wood-sawing business, a hazardous occupation, within Section 6617, subdivision 1, Or. L., moved his operations to a place on a farm, *held* not to change the hazardous nature of the employment into one incidental to farming, within Sections 6618, 6619.

---

Workmen's Compensation Acts, **C. J.**, p. 41, n. 8.

From Yamhill: W. M. RAMSEY, Judge.

---

1.  What constitutes hazardous employment within the meaning of Workmen's Compensation Acts, see notes in **L. R. A.** 1916A, 217; **L. R. A.** 1917D, 152; **L. R. A.** 1918F, 230.

Department 2.

This appeal grows out of the rejection by the State Industrial Accident Commission of a claim filed by one Albert Freeman, who suffered an accidental personal injury on November 10, 1924, while employed by F. C. McCarthy, who was engaged in the business of operating a wood-saw. The Commission rejected the claim upon the ground that the operation of a wood-saw was incidental to farming and nonhazardous. Freeman appealed to the Circuit Court of Yamhill County, where the case was tried upon the following stipulated facts:

On November 10, 1924, F. C. McCarthy was, and for several years prior thereto had been, the owner for hire and the operator of a wood-sawing machine, and was engaged in sawing wood for divers persons in Yamhill County. On this date he had in his employ as helpers three men, at the daily wage of $3 per workman. Albert Freeman, claimant, was one of these employees. At the time of the accident McCarthy, with his crew of three men, was fulfilling a contract with one P. A. Smith for sawing Smith's wood on his farm, at the agreed price of $3 per hour, which wood Smith contemplated using for fuel. While in the course of his employment in aiding McCarthy to perform his contract with Smith in sawing wood, claimant accidentally lost his balance and fell, and the saw severed his left hand from his arm above the wrist.

The trial court found the facts as stipulated and concluded that the claimant was entitled to compensation. The case was ordered returned to the Commission with directions to allow the claim in accordance with the schedule of rates provided by the

Workmen's Compensation Law (Or. L., § 6605 et seq.), with costs to the claimant. From that judgment the Commission appeals.    AFFIRMED.

For appellants there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

BROWN, J.—1. Under Or. L., Section 6617, subdivision (1), the operation of a wood-saw is defined as a hazardous occupation. Section 6618 reads:

"Farming and all work incidental thereto except the construction of dwelling houses, hop dryers, fruit dryers, stock and hay barns, are nonhazardous occupations, and are subject to the provisions of this act only through compliance with Section 6636."

"Wood-sawing" and "wood-cutting" may be incidental to farming: Or. L., Section 6619.

Under the facts in the cause at issue, the claimant, in helping to operate the wood-saw, was not engaged in an employment incidental to the farming operations of Smith: *Farrin* v. *State Industrial Acc. Com.,* 104 Or. 452, 469 (205 Pac. 984); *Helmuth et al.* v. *Industrial Acc. Com. et al.,* 59 Cal. App. 160 (210 Pac. 428, 429); *Hanna* v. *Warren,* 77 Ind. App. 1 (133 N. E. 9); *Marietta* v. *Quayle,* 79 Ind. App. 9 (137 N. E. 61).

2. The decisions cited by appellants are not contrary to the claimant's contention. In the case of *Boschetti* v. *L. Lecas and Fombaron,* 3 Dec. Ind. Acc. Com. 39, the appellant was a general farm-hand who was injured by a wedge striking him in the eye while cutting firewood in the course of his employment. In *Mullen* v. *Little,* 186 App. Div. 169 (173 N. Y. Supp. 578) the plaintiff was employed as

a farm laborer and in the performance of his duties was injured while filling an ice-house with ice to be used on the farm. The cases cited by appellants are clearly distinguishable from the case at bar, because the employees therein were farm laborers engaged in performing their duties as such. In the case at issue, the employees of McCarthy were not engaged in farming or in labor incidental thereto. When they were sawing wood for John Jones, an attorney at law, and for John Brown, a physician, they were under the protection of the Workmen's Compensation Act. The fact that they moved their operations down to farmer Smith does not change the hazardous nature of their employment.

We have considered the history of the act and the amendments thereto called to our attention by the Assistant Attorney General.

This case is affirmed.                    Affirmed.

McBride, C. J., and Bean and Belt, JJ., concur.