In the Matter of the Claim of JOHN F. McALLISTER, Respondent, against ARLING COBB, Appellant. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 10, 1933.

*Dickson & Dickson* [*D. D. Dickson* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General, John R. O'Hanlon* and *Isaac Frank* of counsel], for the respondents.

McNAMEE, J. On the facts stated above it is contended by the claimant that the employer was engaged in the business of custom or commercial wood sawing, with a tractor and buzz saw, and that claimant was not employed in farm labor, at the time of the accident, as those activities are contemplated in the common speech of people and in the Workmen's Compensation Law, and cites in support of his contention *Adams* v. *Ross* (230 App. Div. 216); *Vincent* v. *Taylor Bros.* (180 id. 818), and *White* v. *Loades* (178 id. 236). The *Adams Case* (*supra*) was one in which the employer was a retired man of wealth who lived on a costly estate on a residential street in a city, and employed help whose regular occupation was to care for the trees, lawns and shrubbery; and the few remaining acres of land, outside the lawns and gardens, were not devoted to agriculture in the common acceptation of that term; but these acres and the live stock thereon were maintained for the delectation and pastime of the owner and as incidents to the estate. Even the small amount of tillage indulged in was not carried on by the regular employees, but was let out to others. There it was properly held, as we believe, that the employer was not a farmer and did not conduct a farm, nor were his regular employees farm laborers. In the *Vincent* and *White Cases* (*supra*) the employers were regularly engaged in the business of custom threshing for a fixed price per bushel to be paid in money, going from farm to farm upon call with their men and machinery. Clearly, in the transaction of that business, they were not farmers and their employees were not farm laborers. These cases differ widely from that of the employer who in good faith conducts a farm and the activities incidental thereto and commonly connected therewith; but who, in compliance with an ancient and general neighborhood custom of accommodation among farmers, occasionally goes upon his neighbor's land to help with the latter's farm work, with the understanding that recompense will be made for such services, wholly or in part, by a neighborly return in kind.

There is no evidence in the record that the employer was engaged

in the business of wood sawing, or that he used his tractor in that pursuit. Nor is it claimed that there is any testimony to that effect, except the conclusions in the unverified statements of the claimant that he worked for Mr. Cobb " buzzing " wood, rather than as a farm hand, and that the employer " went out and took custom wood sawing," referring to the work done for Mr. Rigby; and the further statement by Mr. Cobb that he accommodated his adjoining neighbor, Mr. Hall, by cutting some ensilage for him on terms similar to those upon which the wood was sawed. Upon the foregoing proof we are constrained to hold that at the time of the accident the employer was not engaged in the business of wood sawing but in that of a farmer, and that the claimant was a farm laborer, within the meaning of the Workmen's Compensation Law.

The respondent makes the further point that the award should be upheld on the theory that the employer was engaged in wood cutting and sawing operations, a hazardous occupation, and that he employed more than four persons in the work; and that accordingly the activity came within the provisions of group 18 of subdivision 1 of section 3 of the statute mentioned. The only evidence on the question of the number of persons engaged in the work was that of the claimant who testified there were four besides himself. There is no evidence whatever that all of these men worked for Mr. Cobb; but, on the contrary, it is clear from claimant's own statements that only one or two of the other men engaged were in Mr. Cobb's employ. Concededly no timbering was being conducted by the employer on his farm or elsewhere, and it is evident that not more than four persons were being employed by him in the work in progress; accordingly, the section last mentioned has no application.

The award should be reversed and the claim dismissed, with costs.

All concur, except HILL, P. J., who dissents and votes to affirm.

Award reversed and claim dismissed, with costs against the State Industrial Board.