JOHN ROBINSON *v.* CHARLES A. STOCKLEY.

(*Nashville,* December Term, 1932.)

Opinion filed June 24, 1933.

J. E. LEAKE and C. S. SEAY, for plaintiff in error.

WILS DAVIS, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Petitioner was denied compensation for injuries to his leg received while employed by Stockley, who owns and has controlled for forty years a large body of land known as Centennial Island, near Memphis, lying partly in Arkansas. The trial Judge held that Stockley was a farmer, engaged in agriculture, and therefore exempt from operation of the Compensation Act by Sec. 6, Chapter 123, Acts of 1919, reading that, "this act shall not apply . . . to farm or agricultural laborers and employees thereof." Petitioner claims to have been employed solely to cut timber, and he was injured while so engaged. Defendant Stockley testified that:

"During the year 1931 he raised about 400 bales of cotton, 200 tons of hay, 14,000 bushels of corn, 400 head of hogs, and had on the place 70 head of cattle, a flock of goats, poultry and sufficient mules and tractors to cultivate the farm. For many years he has cut and sold timber to various parties who were engaged in the lumber business at Cairo, Illinois and Memphis, Tennessee. The purpose of cutting the timber was to get the valuable merchantable timber off the land with the view to putting the land in cultivation, and he has in the past years put into cultivation a large area of land from which he had cut, removed and sold the timber. It was his custom to cut and remove the timber during the year when he was not engaged in farming operations; his principal occupation being that of a farmer having been engaged in agricultural pursuits all of his life."

We are of opinion that this testimony constitutes material evidence to support the finding of the trial Judge. It distinctly shows that the timber cutting (while shown by the record to have run into large quantities from time to time) was incidental to the business or oc-

cupation of agriculture in which the defendant was engaged. He was not pursuing as an occupation the cutting and logging of timber. This suggests the test.

It must be conceded, as argued for petitioner, that one may be engaged at the same time *both* in farming and in mining, or saw milling, as illustrated in cases relied on for petitioner (*Hanna et al.* v. *Warren,* Ind. App. Court, 133 N. E., 9; *Peterson* v. *Industrial Commission,* 315 Ill., 199, 146 N. E., 146), but it must appear that he was engaged *as an occupation* in both. The testimony of defendant above quoted does not so show, but that his timber cutting, logging and selling was an incident merely of his extensive and expanding cultivation of his lands.

The judgment must be affirmed.