(No. 3978 )

LEONE FEELY, MOTHER OF RUTH FEELEY, Claimant, vs. STATE OF ILLINOIS, Respondent.

Opinion filed September 18, 1947.

ROBERT DAVID MACK, for claimant.

GEORGE F. BARRETT, Attorney General, C. ARTHUR NEBEL and WILLIAM L. MORGAN, Assistant Attorneys General, for respondent.

BERGSTROM, J.

The claimant, Leone Feely, mother of Ruth O. Feely, deceased, seeks an award under Section (7) (C) of the Workmen's Compensation Act of Illinois.

Claimant's decedent, Ruth O. Feely, succumbed in a fire on June 5, 1946 at the LaSalle Hotel, in Chicago. Miss Feely had been employed by the Department of Public Health for several years prior to June, 1946. As

a consultant nurse in the Division of Venereal Disease Control, she was assigned to the Cook County Health Department to instruct nurses in the Venereal Diseases Clinics. During the week commencing June 2, 1946, while so assigned, she was registered as a guest at the LaSalle Hotel, with the knowledge and approval of her Departmental officials.

The Department had immediate notice of the fact that Miss Feely lost her life in the fire; complaint was filed within six months and hence no jurisdictional questions are presented.

Following the first hearing of this cause a transcript of the evidence was filed on October 30, 1946. The opinion of the court filed herein stated that two questions were presented for decision (1) Whether claimant was entitled to compensation by reason of her daughter's death in the fire which occurred while she was a guest in the LaSalle Hotel; and (2) Whether the mother was entitled to an award for partial dependency under the provisions of Section (7) (C) of the Workmen's Compensation Act.

We held that the first of these questions has been resolved in claimant's favor in *Miller* v. *State,* 16 C. C. R. and *Taylor* vs. *State,* 16 C. C. R. In passing on the second question, it was held that the evidence failed to establish the mother's partial dependency, and for that reason an award was denied.

Thereafter, this court sustained claimant's petition for rehearing or new trial for the reasons set forth in the affidavit filed in support thereof. The cause was assigned to a commissioner, it being stipulated that any part of the transcript of the evidence taken at the former hearing, together with the exhibits then introduced, might be considered for all purposes as though such evi-

·dence had been taken and introduced upon the re-hearing.

Claimant, Leone Feely, testified in her own behalf in considerable detail concerning the facts bearing upon the question of dependency, and a transcript of this evidence was filed on July 25, 1947.

The earlier holding of this court in *Miller* v. *State* and *Taylor* vs. *State, supra,* sustains the previous conclusion of this court in this cause that the death of claimant's decedent in the fire at the LaSalle Hotel on June 5, 1946 under the circumstances disclosed by this record was compensable as an accidental death arising out of and in the course of her employment.

With respect to the only other issue raised by the proof, as to whether claimant has established by a preponderance of the evidence her partial dependency under Sction 7 (C), the additional evidence presented by her on the re-hearing is sufficient to resolve that question affirmatively in her behalf.

The material evidence in regard to this phase of the case may be summarized as follows:

The deceased, Ruth O. Feely, was 37 years of age on June 5, 1946. She had never married. During the year preceding her death her earnings from the State were $2,928.85. In addition she was reimbursed by respondent for her travelling and maintenance expenses amounting to about $115.00 to $150.00 per month. She had no other source of income.

Her mother, Leone Feely, was 59 years of age. Ruth O. Feely was her only child. Claimant was divorced in 1916 and for more than thirty years the father never contributed to the support of the child. Claimant is employed by the Department of Revenue and during the year preceding her daughter's death earned $143.75 a

month which, after tax and other deductions left her $120.16 net per month. She had no other source of income.

Except for a short interval of a few months immediately following the divorce, the daughter and mother lived together.

In 1932, shortly after Ruth completed her nurses training, and obtained employment, a home was established and her mother discontinued working. She was not again employed until June, 1942, at which time she secured employment with the Department of Labor. During these years of unemployment, as well as during a later interval of non-employment from September 1, 1943 until April, 1944, Ruth was her mother's sole means of support.

The mother and daughter resided in Springfield, Illinois. They occupied a rented six room unfurnished home. The household furnishings belonged to the daughter, having been purchased by her.

Ruth Feely and her mother always deposited their respective pay checks in a local bank account in their joint names. Ruth paid all major bills by check drawn on this account.

The daughter's duties in the field as consultant nurse for the Department of Health required her to leave Springfield every Sunday evening or early Monday morning. She seldom returned until Friday evening. Each week when she departed she would withdraw her weekly travelling expense and also draw a check to cash for $25.00 which she turned over to her mother for the latter's daily routine personal expenses such as meals, transportation, medicine, and occasional amusements. The daughter frequently purchased apparel for her mother.

During the year or two preceding Ruth's death, claimant was in ill health suffering from neuritis and arthritis which necessitated the services of a physician, therapeutic treatments and special medication.

The mother testified that her personal expenses ran between $225.00 to $250.00 a month. On the first hearing she testified that Ruth contributed about $150.00 per month to her personal support. On the present hearing before the Commissioner she testified in considerable detail as to her living expenses. The following tabulation elicited from her testimony, itemized her personal monthly expenses as follows:

| | | | |
|---|---|---|---|
| Rent | $55.00 | | |
| Coal | 10.50 | | |
| Garage | 3.00 | | |
| Meals | 55.00 | | |
| Clothing | 20.00 | to | $25.00 |
| Physicians—Medicines | 10.00 | to | 15.00 |
| Laundry—Dry Cleaning | 10.00 | to | 12.00 |
| Carfare | 4.00 | | |
| Reading material, papers, magazines | 5.00 | | |
| Maintenance Man | 4.40 | | |
| Telephone | 3.75 | | |
| Gas—Light | 3.00 | to | 3.50 |
| Water bill | .65 | to | .90 |
| Insurance premiums—life, accident, hospital | 4.50 | | |
| Entertainment | 5.00 | | |
| Church and charity | 2.75 | | |
| Beauty Parlor — hairdresser, manicure, cosmetics | 15.00 | | |
| Cigarettes | 5.00 | | |
| Total | $217.55 | to | $230.40 |

At the time of Ruth's death there was less than $300.00 in their joint bank account, and other than a small amount of war bonds neither had accumulated any savings.

It is obvious from claimant's testimony that her net earnings of $120.16 (after deductions) were inadequate to defray her personal living expenses as hereinabove

enumerated, and that she was to a substantial degree dependent upon and supported by her daughter at the time of her death. This evidence of claimant was not controverted. It amply sustains the conclusion that she relied upon her daughter for reasonable necessities consistent with her position in life.

It is equally manifest that the amount expended for the various items as testified to by claimant was reasonable and conservatively compatible with prevailing living costs for one in her position in life. The statement from the opinion in *Air Castle* v. *Industrial Commission,* 394 Ill. 62 to the effect that "we take judicial notice of the fact that living expenses increased greatly" is germane at this point.

The Attorney General moved to strike claimant's testimony with respect to the beauty parlor treatments, entertainment, church and charitable donations. While we would hesitate to say that expenditures in such amounts for such purposes, by a person employed as claimant is, in a public office requiring her to present a neat and wellgroomed appearance, are not reasonably necessary, it will serve no useful purpose to extend this discussion or resolve that evidentiary problem in view of the conclusion reached.

The basic legal principles applicable to this aspect of the record have been firmly established.

A mere showing of parentage or lineal relationship raises no presumption of dependency under paragraph (c) of the Act and is a question of fact to be established by a preponderance of the evidence. *Bauer & Black* v. *Ind. Com.,* 322 Ill. 165; *Peterson* v. *Ind. Com.,* 315 Ill. 199. An award for partial dependency cannot rest on speculation, but must be based on facts. *L. M. & O. M. Co.* v. *Ind. Com.,* 335 Ill. 254.

The test of partial dependency is whether contributions were relied on by claimant for her means of living, judging by her position in life, and whether she was to a substantial degree supported by the employee at the time of the latter's death. *Ritzman v. Ind. Com.*, 353 Ill. 34, and other cases cited, Smith Hurd Illinois Annotated Statutes (Perm. Ed.) Ch. 48, Sec. 144, par. (c) note 2.

On the other hand partial dependency may exist even though the evidence shows that claimant could have subsisted without the contributions of the deceased employee. *Ritzman v. Ind. Com., supra,* and Smith Hurd Ill. Anno. Statutes (Perm. Ed.) Chapter 48, Sec. 144, par. (c), supra.

Dependency and the extent thereof are questions of fact. Dependency being shown to exist, the percentage is determined not by the amount of the contribution but by the proportion such contribution bears to the cost of living in the dependent's station in life. *Smyth Co. v. Ind. Com.*, 306 Ill. 171.

It has often been held that on questions of dependency the Act should receive a practical and liberal construction, *Walchter v. Ind. Com.*, 367 Ill. 256, *Air Castle v. Ind. Com.*, 394 Ill. 62.

The preponderance of the undisputed testimony in this record as it now stands at the conclusion of the rehearing establishes that claimant is entitled to an award for partial dependency under Section 7 (C).

In determining the degree of such dependency it suffices to say that if the items objected to by the respondent are excluded, claimant has nevertheless shown that not less than $200.00 was required to provide the shelter, food, clothing, medical attention, carfare and other incidentals as itemized by her testimony. Her net or "take home pay" was $120.16. This left a deficit

of $80.00 per month to provide these reasonable necessaries, which deficit was met from her daughter's earnings. $80.00 represents 40% of her total support needs of $200.00 and claimant is entitled to an award to that extent.

Claimant consequently should be awarded $3,750.00 under Section 7 (C) of the Act, to be increased 20% under Section 7(1), making a total award of $4,500.00. Claimant's intestate weekly earnings were $56.32, and therefore, her compensation rate is $18.00 per week, being the maximum of $15.00 increased 20% in accordance with Par. 1 of that Section.

An award is therefore made in favor of claimant, Leone Feely, in the amount of $4,500.00, to be paid to her as follows:

$1,206.00, accrued, is payable forthwith;
$3,294.00, is payable in weekly installments of $18.00, beginning September 26, 1947 for a period of 183 weeks.

Future payments being subject to the terms of the Workmen's Compensation Act, including respondent's right of subrogation under Section 29 of the Act, jurisdiction of this cause is specifically reserved for the entry of such further orders as may from time to time be necessary.

In view of the above award, the award of $150.00 to be paid to claimant and the award of $400.00 to be paid to the State Treasurer under Par. E, Section 7 of the Compensation Act, allowed in the original opinion filed herein, is hereby nullified and set aside.

Eileen Jones, reporter, First National Bank Building, Springfield, Illinois, was employed to take and transcribe the evidence at the original hearing of this case, and has rendered a bill in the amount of $45.50. The Court found, in the original opinion filed, that the amount

charged was fair, reasonable and customary, and said claim be allowed, which finding is hereby confirmed.

A. M. Rothbart Court Reporting Service, 1308—120 South LaSalle Street, Chicago, Illinois, was employed to take and transcribe the evidence in this case at the rehearing thereof, and has renderd a bill in the amount of $57.05. The Court finds that the amount charged is fair, reasonable and customary, and said claim is allowed.

This award is subject to the approval of the Governor as provided in Section 3 of "an Act concerning the payment of compensation awards to State employees".