**285 P.2d 138**

**Raymond W. BARTLETT, Employee, Claimant-Appellant,**

v.

**Earl N. DARRAH, Non-Insured Employer, Defendant-Respondent.**

**No. 8280.**

Supreme Court of Idaho.

June 14, 1955.

J. H. Felton and William J. Jones, Lewiston, for appellant.

Cox, Ware & Stellmon, Lewiston, for respondent.

TAYLOR, Chief Justice.

The respondent, Darrah, is a farmer and cattle grower. He operates a farm near Gifford, consisting of 800 acres of cultivated land and 200 acres of rough and hilly timber and pasture land. This 200 acres had been cut over some years ago and does not now have a good stand of merchantable timber. Three times during the past six years, including the occasion in 1954 when claimant was injured, the respondent had cut a few trees on this land, hauled them to a nearby custom mill, where they were sawed into lumber, and the lumber and waste were returned to the farm for use thereon. The recovery on each of these three occasions was seven or eight thousand board-feet of lumber. It was not produced for sale and none has been sold. A machine shed and a shop were built on the farm, in which some of the lumber so produced was used.

In 1954, prior to the accident, respondent had two of his regularly employed farm hands cut and skid logs from about twenty trees. This work was done intermittently at times when, because of weather or other conditions, farm work was not in progress. On July 4, 1954, respondent invited claimant to help in hauling these logs to the mill. Respondent testified that there was no agreement as to wages, he assuming that claimant would do the work in return for pea silage, which he had given to the claimant in January. Claimant testified it was agreed he would be paid $15 per day, plus $25 per day for the use of his truck. Claimant was also a farmer, living on a neighboring farm. On July 5th he brought his truck and assisted in hauling logs. About 6:00 p.m., while unloading at the mill, he was injured.

The evidence also shows that grass seed was sown in the areas where the trees were removed, and that one of the purposes in removal of the trees was to improve the pasturage.

The board found:

"Darrah's clearing and logging operations were intermittent and performed at opportune times when his farm hands were not pressed with other work. They were not conducted for the purpose of selling the lumber nor because of his own immediate need of lumber. They were conducted pursuant to a long range development plan to enlarge his pasture and ultimately to build improvements."

As rulings of law, the board concluded:

"The board finds that the clearing and logging operations of Darrah were sporadic and incidental to his farming operations, and were not conducted for pecuniary gain as a logging enterprize.

"The board rules that the employment in which Bartlett was injured was an agricultural pursuit and not covered employment under the Workmen's Compensation Law."

Under our statute, § 72–105a, I.C., the Workmen's Compensation Act does not apply to:

"1. Agricultural pursuits. Agricultural pursuits, as used herein, shall include the care-taking and handling of livestock on enclosed lands and public ranges.

\* \* \* \* \* \*

"3. Casual employment.

\* \* \* \* \* \*

"8. Employment which is not carried on by the employer for the sake of pecuniary gain.",

unless an election of coverage is made and filed by the employer, pursuant to § 72–105b, I.C.

The board made no specific finding on the defense urged by respondent that the claimant's employment was casual.

There is little or no conflict in the evidence as to the facts determining the character of the employment. The board's findings and conclusions are fully supported. In Mundell v. Swedlund, this court recognized

"the rule that the occupation or pursuit as a whole is the controlling factor, in determining whether an employee is engaged as a farm laborer or in an agricultural pursuit, rather than the immediate task being performed or the place of performance of such task". Mundell v. Swedlund, 59 Idaho 29, at page 36, 80 P.2d 13, at page 16.

Here it is clear the employer's occupation or pursuit was agricultural; and that the immediate task being performed by claimant was incidental thereto, so that claimant was

at the time engaged in an agricultural pursuit.

The employer, not having elected coverage, the employment does not come within the Act and is not compensable. Cook v. Massey, 38 Idaho 264, 220 P. 1088, 35 A.L.R. 200; Dorrell v. Norida Land & Timber Co., 53 Idaho 793, 27 P.2d 960; Carstens Packing Co. v. Industrial Accident Board, 63 Idaho 613, 123 P.2d 1001; Reed v. Russell, 67 Idaho 84, 172 P.2d 853; Miller & Lux, Inc., v. Industrial Accident Comm., 179 Cal. 764, 178 P. 960, 7 A.L.R. 1291; Johnson v. Department of Labor & Industries, 182 Wash. 351, 47 P.2d 6; Brockett v. Mietz, 184 App.Div. 342, 171 N.Y.S. 412; Mullen v. Little, 186 App.Div. 169, 173 N.Y.S. 578; McAllister v. Cobb, 237 App. Div. 674, 263 N.Y.S. 349; Bradley v. Blakely, La.App., 154 So. 415; Powell v. Industrial Comm., 193 Wis. 38, 213 N.W. 651; Hagelstad v. Usiak, 190 Minn. 513, 252 N.W. 430; Stahl v. Patrick, 206 Minn. 413, 288 N.W. 854; Robinson v. Stockley, 166 Tenn. 380, 61 S.W.2d 677; Annotation 7 A.L.R. 1296; Annotation 13 A.L.R. 955; Annotation 35 A.L.R. 208; Annotation 43 A.L.R. 954; Annotation 107 A.L.R. 977; Annotation 140 A.L.R. 399.

The order is affirmed. Costs to respondent.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.