In the Matter of the Claim of STEPHEN HAMILLA, Respondent, against NELSON GADE, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by non-insured employer from an award of compensation under the Workmen's Compensation Law for medical expenses and disability compensation. The principal point raised by the appellant is that the claimant was a farm laborer and, therefore, is not engaged in a hazardous employment under the law. The employer was a farmer and his principal business was the operation of a dairy farm. Claimant worked on this farm for him. However, the employer also owned and operated a power mill for the grinding of grain for which services he was paid by a considerable number of customers. Claimant was injured while operating this power mill grinding grist for one of these paying customers. The State Industrial Board has found that the employer conducted this milling as a separate business, for pecuniary gain, and not incidental to his farm operations. The evidence amply sustains this finding. Award affirmed, with costs to the State Industrial Board. Hill, P. J., McNamee, Crapser and Bliss, JJ., concur; Rhodes, J., dissents on the ground that the claimant was a farm laborer.

In the Matter of the Claim of HERSCHEL D. SULLIVAN, Respondent, against ROCHESTER SMELTING & REFINING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The award is for lead poisoning. The evidence sustains the award. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, McNamee and Heffernan, JJ., concur; Crapser, J., dissents, and votes to reverse, on the ground that the disability shown by the proof is confined to a particular industry; that does not justify an award.

In the Matter of the Claim of ANTHONY DI BENEDETTO, Respondent, against JOHN F. MCKINNEY CORP. and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant, who, while unloading paving brick, was caught between a truck and a freight car sustaining injuries to his left leg for which an award was originally made for twenty-five per cent loss of use of the left foot. Later, on claimant's application, the case was reopened and the award now in question was made reclassifying the injury under section 15, subdivision 3-v, of the Workmen's Compensation Law, for permanent partial disability resulting in fifty per cent reduction of earning capacity because of severe pain on weight bearing due to amount of swelling; inability to walk or stand for any period of time; circulatory interference with the lymph flow from the left foot up to the heart; severe swelling of the lower extremity which increased on account of weight bearing. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.