(No. 7031. November 4, 1942.)

DOWELL MULANIX, Employee, Respondent, v. ERNEST FALEN, Employer, and IDAHO COMPENSATION COMPANY, a corporation, Surety, Appellants.

[130 Pac. (2d) 866.]

Ralph S. Nelson and Spencer Nelson for appellants.

Dunlap & Dunlap for respondent.

GIVENS, C.J.—Respondent, whose occupation was designated as truck driver, had worked for appellant Falen in that capacity more or less continuously since July, 1940. The employer has a 120-acre ranch near Wilder, where he raises fruit and produce and sells it at different markets both within and without the state, delivering by truck. He also buys fruit and produce, which he likewise delivers. Respondent was employed to drive trucks for such deliveries. Shortly prior to August 24, 1942, respondent purchased a truck and arranged to lease its use to appellant on this basis: appellant was to take care of all expenses in connection with the operation of the truck and receive 10% of the earnings of the truck, pay respondent as driver $5.00 a day wages, the balance of the earnings of the truck to be paid on the purchase price to the finance company, the truck when paid for to belong to respondent.

Just prior to August 24, 1942, respondent had, while on vacation from employment by appellant Falen, with this truck hauled a load of fruit for one Sims, receiving 45c a basket. Appellant paid social security on respondent and secured the required state permit to haul through Montana on the trip in question. August 23, 1942, respondent left with a load of peaches for appellant Falen, purchased not produced by him, for delivery to Gamble-Robison in Sheridan, Wyoming. Falen was to receive 55c per bushel for the haulage of the peaches, evidently to be apportioned between Falen and respondent under the above arrangement as to the purchase and use of the truck. The fruit was perishable and had to be delivered without stop for rest or sleep, only for meals and refueling. At Bozeman, Montana, respondent, being tired and sleepy and wanting the trip to be without cessation, engaged one Lee Johnson to continue with him as driver. Respondent and appellant Falen stated respondent had authority to hire such emergency assistance and pay for it as part of the expense. Near Graycliff, Montana, Johnson, who was driving, went to sleep, the truck was wrecked, respondent's left leg was broken, and he suffered bruises and internal injuries. He sought workmen's compensation as an employe under covered employment. Appellant Idaho Compensation Company contested, urging respondent was a casual employe, inde-

pendent contractor, joint venturer with Falen, and engaged in an agricultural pursuit. The board awarded compensation, overruling such contentions; hence, this appeal.

Appellant Falen testified he retained the right to hire and fire respondent at any time and gave specific directions as to the trip so far as possible and consistent with the nature of the business, i. e., truck driving, where the driver is necessarily not in the presence of the employer when on a trip. Under all the facts, the board was justified in considering respondent was not an independent contractor.

The employment as truck driver, while intermittent, was neither casual as to employe, employer, or the employment. (*Flynn v. Carson*, 42 Ida. 141, 243 Pac. 818.) There was no joint venture, but clearly the relationship of master and servant. 33 C. J. 844, sec. 9.

The line of demarcation between employment that is agricultural or not is extremely attenuated. The same work done under certain conditions and under certain circumstances may be agricultural, and under other conditions and circumstances not. (*Carstens Packing Co. v. Industrial Accident Board*, 63 Ida. 613, 123 Pac. (2d) 1001; *Batt v. Unemployment Compensation Division*, 63 Ida. 572, 123 Pac. (2) 1004; *Smythe v. Phoenix*, 63 Ida. 585, 123 Pac. (2d) 1010.) It has been held that if the work is connected with making a finished farm product it is agricultural. These peaches at the time they were loaded into the truck for delivery were a finished farm product. These particular peaches had been purchased and not raised by Falen. This, however, is not decisive. (*Batt v. Unemployment Compensation Division*, supra.) The board was justified in concluding that the delivery of these peaches, necessitating a trip of several hundred miles, distinct, so far as the actual work was concerned, from their production and harvesting in the orchard, was not agricultural. (*Robichaux v. Realty Operators*, 195 La. 70, 196 So. 23; *Berry v. Department of Labor and Industries*, (Wash.) 118 Pac. (2d) 785.)

The order of the board is affirmed. Costs awarded to respondent.

Budge, Holden, and Ailshie, JJ., concur.