(No. 7167. May 2, 1944.)

LEE JOHNSON, Appellant, v. ERNEST FALEN, Employer, and IDAHO COMPENSATION COMPANY, Surety, Respondents.

[149 Pac. (2d) 228.]

Rehearing denied June 14, 1944.

Anderson and Leguineche for appellant.

Spencer Nelson for respondents.

GIVENS, J.—Appellant is the Lee Johnson referred to in *Mulanix v. Falen*, 64 Ida. 293, 130 P. (2d) 866, which see for the primary facts. Appellant was severely injured in the accident there recounted and hospitalized and seeks compensation and reimbursement therefor herein as respondent Falen's employee. The board held it did not have jurisdiction because Johnson worked and was residing, hired, and injured in Montana.

Respondents also urged that the employment, if any, was casual. The board did not pass upon the latter issue and relied upon *Mulanix v. Falen, supra,* for its conclusion that appellant was an employee. In that case the court did not hold that Johnson was an employee, merely by way of recital in detailing the circumstances of the accident stating that both respondent and his conceded employee, Mulanix, the claimant in that case, testified that Mulanix had authority to employ and pay Johnson. That issue was not essential therein and hence was not thereby concluded.

Appellant alleged that he was entitled to recover under the laws of Montana, citing certain provisions thereof.

This was denied by respondents. At the hearing respondents' objection to appellant's offer of these Montana statutes was sustained. Thereafter appellant expressly withdrew such offer, and he now relies solely upon the presumption that in the absence of contrary pleading and proof the statute of a foreign state will be presumed to be the same as that of the forum. (*Maloney v. Winston Bros. Co.*, 18 Ida. 740, 763, 111 P. 1080; *Mechanics & Metals Nat. Bank v. Pingree*, 40 Ida. 118, 129, 232 P. 5; *Cummings v. Lowe*, 52 Ida. 1, 5, 10 P. (2d) 1059; *Mason v. Pelkes*, 57 Ida. 10, 34, 59 P. (2d) 1087; *Owen v. Taylor*, 62 Ida. 408, 419, 114 P. (2d) 258; *Nicholas v. Idaho Power Co.*, 63 Ida. 675, 680, 125 P. (2d) 321.)

■ No contention is made, aside from the jurisdictional question involved herein, and the defenses of casual employment, and, though not particularly urged, whether appellant was in fact an employee, that under our statute the appellant would not be entitled to recover. The presumption thus carries us to our statutes. (*McMullen v. Warren Motor Co.*, 174 Wash. 454, 25 P. (2d) 99, 101; 31 C. J. S., Evidence, p. 768, sec. 133.)

While not unmindful of sec. 43-1003, I. C. A., the second sentence in sec. 43-1415[1] is controlling and obviously was not designed to *restrict* the board's jurisdiction.

■ While the Industrial Accident Board is a tribunal of limited scope, it has general and exclusive original jurisdiction in the state field of industrial accidents. Secs. 43-902 and 43-1003, I. C. A.; 71 C. J., *Workmen's Compensation Acts*, p. 920, secs. 662, 663. The Workmen's Compensation Act must be liberally construed. (*Hustead v. H. E. Brown Timber Co.*, 52 Ida. 590, 17 P. (2d) 927; *Page v. State Insurance Fund*, 53 Ida. 177, 22 P. (2d) 681; *Pierstorff v. Gray's Auto Shop*, 58 Ida. 438, 74 P. (2d) 171; *Brink v. H. Earl Clack Co.*, 60 Ida. 730, 96 P. (2d) 500; *Olson v. Union Pacific Railroad Co.*, 62 Ida. 423, 112 P. (2d) 1005; *Stover v. Washington County*, 63 Ida. 145, 118 P. (2d) 63; *Long v. Brown*, 64 Ida. 39, 128 P. (2d) 754.)

---

[1]"If a workman who has been hired outside of this state is injured while engaged in his employer's business, and is entitled to compensation for such injury under the law of the state where he was hired, he shall be entitled to enforce against his employer his rights in his state if his rights are such that they can reasonably be determined and dealt with by the board and the courts in this state."

Sec. 43-1415 does not limit the board's jurisdiction to accidents occurring within the state. If the particular employment, though outside the state, be so connected with the employer's business within the state as to be a concomitant and integral part thereof, the statute may reasonably be construed under a liberal interpretation thereof to encompass within the board's jurisdiction accidents happening in the course of such employment. (*State v. District Court,* 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347.) Herein, the employment at the place of the accident, while outside of the state, was clearly inseparably incidental to the way the employer conducted his business of buying, shipping, and selling fruit, the situs of which was in Idaho.

If Johnson was an employee and the employment was not casual, the extraterritorial employment herein was merely a phase of the employer's commercial activities, and, being part of a continuous trip (undesignedly interrupted by the accident,) which, though interstate, was solely in component furtherance of the business here in Idaho. Appellant's services did not have a fixed and stationary status in connection with the employer's business outside of the state of Idaho, as in *Watts v. Long,* 116 Neb. 656, 218 N. W. 410. Therefore, under the section of the statute above noted the board had jurisdiction. (*Severson v. Hanford Tri-State Airlines,* 105 F. (2d) 622; *State v. District Court, supra;* Note, 3 A. L. R. 1351; *Stansberry v. Monitor Stove Co.,* 150 Minn. 1, 183 N. W. 977; *Val Blatz Brewing Co. v. Gerard,* 201 Wis. 474, 230 N. W. 622; *McKesson-Fuller-Morrison Co. v. Industrial Commission,* 212 Wis. 507, 250 N. W. 396; *Penwell v. Anderson,* 125 Neb. 449, 250 N. W. 665; *Shurtliff v. Oregon Short Line,* 66 Utah 161, 241 P. 1058; *Fay v. Industrial Commission,* 100 Utah 542, 114 P. (2d) 508.

While vagrant expressions and many various concepts with regard to the interpretation of numerous Workmen's Compensation statutes as applied to somewhat similar situations are found in the analysis of cases in Schneider's Workmens Compensation Text, Permanent Edition, Vol. 1, pages 447 to 568, which might be said to support respondents' position, a careful scrutiny discloses that the above cited authorities are substantially the only ones brought to our attention which have considered the precise question

presented herein under statutes sufficiently similar to ours to make them authoritative.

The cause is reversed and remanded with instructions for the board to determine whether or not appellant was in fact an employee of Falen and whether or not the employment was casual and other consequent questions dependent upon the determination of such two initial desiderata, and conclude accordingly. Costs awarded to appellant.

Holden, C. J., and Ailshie, J., concur.

Budge, J., did not participate in the decision of this case because of illness in his family.

Dunlap, J., deemed himself disqualified and did not sit or participate in this case.