

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Leonard Carlton, Commissioner
Bureau of Labor Statistics
Austin 11, T e x a s

Dear Sir:

Opinion No. 0-6716
Re: Under the present law would
the Cotton Seed Oil Mill
Boilers be classified as
agricultural?

Your recent request for an opinion of this department has been received and reads, in part, as follows:

"I would like your opinion regarding Cotton Seed Oil Mill Boilers. Under the present law would these boilers be classified as agricultural?"

In answering the above request we invite to your attention the following sections of Article 5221c, Vernon's Annotated Civil Statutes, section 2 of which reads, in part, as follows:

"Sec. 2. No steam boiler, unless otherwise specifically exempted in this Act, shall be operated within the State of Texas unless such boiler has been registered with the Bureau of Labor Statistics and there shall have been issued a certificate of operation for such boiler, as hereinafter provided for, * * *" (Emphasis added)

Exemption provisions pertinent to our inquiry appear as follows:

"Subsec. 4. Boilers used exclusively for agriculture purposes

"Subsec. 6. Boilers used for cotton gins."

To come under the exemption provided in Subsection 4, the Cotton Seed Oil Mill Boiler must be used exclusively for "agriculture purposes." "Agriculture" is defined in the case of Gordon vs. Buster, 257 S. W. 220, 113 Tex. 382, in the following language:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Leonard Carlton - page 2

"'Agriculture', is the art or science of cultivating the ground, including harvesting the crops and rearing and management of live stock; husbandry; farming; in a broader sense, the science and art of the production of plants and animals useful to man."

In the light of the above definition, it is our opinion that a boiler used in connection with a cotton seed oil mill is not exempt under the statute as one "used exclusively for agriculture purposes." It is clear to us that a cotton seed oil mill is engaged in a manufacturing process.

For additional authorities see Keeny vs. Beasman, 169 Md. 582, 182 A. 566; Mundell v. Swedlund, 59 Ida. 29, 80 P. 2d 13.

Our views on the question are strengthened by the Legislature's inclusion in the statute, a specific exemption in favor of cotton gin boilers. If cotton seed oil mill boilers were within the purview of the exemption in favor of boilers used for "agriculture purposes", certainly a cotton gin boiler would also be included and there would have been no reason or necessity for the specific exemption for gins.

It is therefore our conclusion that neither under the common definition and understanding of the term "agriculture purposes" or under the specific intent evidenced by the Legislature in the enactment of this statute does the cotton seed oil mill boiler fall within the exemption inquired about.

Yours very truly

ATTORNEY GENERAL OF TEXAS

Benjamin Woodall
Assistant

By Bob D. Maddox
Bob D. Maddox

BDM;zd

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN