410 P.2d 654

Chloedean P. REEDY, Surviving Widow, on her own behalf and on behalf of minor children, Claimant-Appellant,

v.

James S. TRUMMELL, Non-insured Employer, Defendant-Respondent.

No. 9652.

Supreme Court of Idaho.

Feb. 1, 1966.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondent.

Duffin & Duff, Rupert, for appellant.

SMITH, Justice.

This is an appeal from an order of the Industrial Accident Board denying to claimant-appellant recovery of workmen's compensation benefits.

Appellant, on behalf of herself and her minor children, seeks recovery of workmen's compensation benefits on account of the death of her husband, who, at the time he sustained an accidental fatal injury, was employed by defendant-respondent.

The Board denied compensation to appellant on the ground that decedent, at the time of the accidental personal injury which resulted in his death, was employed

in an agricultural pursuit, respondent employer not having elected to be covered under the workmen's compensation law. I. C. § 72–105A and § 72–105B.

Appellant assigns as error the Board's ruling that decedent was employed in an agricultural pursuit at the time of his death.

On September 11, 1963, respondent and the Bureau of Land Management, Department of the Interior, hereafter referred to as the B.L.M., entered into a contract whereby respondent undertook and agreed to plow and seed in crested wheat 2100 acres of federal land situated in Owyhee County, Idaho. The work consisted of clearing the land of sagebrush by use of a disc plow and then planting the seed by the use of grain drills. The B.L.M. rented land as so seeded for cattle pasturage to cattlemen in the area.

The contract contained a provision requiring the contractor to provide "workmen's compensation insurance and medical aid complying with all applicable Federal and State laws relating thereto."

Respondent, pursuant to his contract with the B.L.M., hired decedent to operate a tractor in the work of plowing and seeding the land. On April 13, 1964, while decedent was operating the tractor in performing the plowing and seeding operations, an accident occurred whereby decedent was crushed and his death resulted, when the tractor tipped over upon him. Appellant thereafter filed with the Board a claim for workmen's compensation death benefits on behalf of herself and the minor children.

The Board determined that the plowing and seeding of the land for pasturage purposes constituted an agricultural pursuit within the purview of the workmen's compensation law. The Board then ruled that at the time of his death decedent was employed in an agricultural pursuit; and since respondent had not elected to be covered under the workmen's compensation law, the Board entered its order denying appellant's claim for compensation benefits. Appellant has appealed from such ruling and order.

I.C. § 72–105A in part reads:

"None of the provisions of this [workmen's compensation] act shall apply to the following employments, unless coverage thereof is elected as provided in section 72–105B:

"1. Agricultural pursuits. Agricultural pursuits, as used herein, shall include the raising or harvesting of any agricultural or horticultural commodity * * *."

■ The term "agricultural pursuit" has been interpreted to include "every process and step taken and necessary to the completion of a finished farm product." Cook v. Massey, 38 Idaho 264 at 274, 220 P. 1088 at 1091, 35 A.L.R. 200 (1923); Mundell v. Swedlund, 59 Idaho 29, 80 P.2d 13 (1938);

Mulanix v. Falen, 64 Idaho 293, 130 P.2d 866 (1942). In Smythe v. Phoenix, 63 Idaho 585, at 592, 123 P.2d 1010, at 1012 (1942) this Court approved the following definition of "agriculture":

"[A]griculture is the art or science of cultivating the ground, especially in fields or in large quantities, including the preservation of the soil, the planting of seeds, the raising and harvesting of crops, and the rearing, feeding and management of live stock; tillage; husbandry; * * *. The terms include all farm work and work incidental thereto."

In Bartlett v. Darrah, 76 Idaho 460, 285 P. 2d 138 (1955), this Court held that the clearing of trees for the development of land was an agricultural pursuit since the logging was incidental to the main purpose of developing the land for pasturage.

■■ The test for determining whether the activity is one which is covered by the workmen's compensation law or is exempt therefrom, is not the immediate task the workman is doing at the time of the accident, but the occupation or pursuit of the employer considered as a whole. Mundell v. Swedlund, supra; Dorrell v. Norida Land & Timber Co., 53 Idaho 793, 27 P.2d 960 (1933); Batt v. Unemployment Compensation Division, etc., 63 Idaho 572, 123 P.2d 1004, 139 A.L.R. 1157 (1942); Bartlett v. Darrah, supra. In Hubble v. Perrault, 78

Idaho 448, at 453, 304 P.2d 1092, at 1094 (1956), this Court stated:

"We conceive the rule in this jurisdiction to be that the general character of the work for which the employee was hired or is required to perform is the test of whether the labor was performed in a covered employment or in an exempt employment. * * *"

Applying such test to the facts herein, we are constrained to the view that decedent was employed in an agricultural pursuit. He was plowing the land in preparation for the seeding of the crested wheat within the purview of respondent's contract; and respondent hired decedent to plow and seed the land—work which decedent had been performing during the week preceding the accident.

■ Appellant asserts that the B.L.M. was decedent's statutory employer and in classifying the employment, that fact must be considered. I.C. § 72–1010 provides:

"'Employer,' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the

workmen there employed. If the employer is secured it includes his surety so far as applicable."

In Kirk v. United States, 232 F.2d 763 (9 Cir. 1956), that court, upon reviewing the statute and decisional law of this State, in the area here under consideration, stated:

" * * * If we take the facts here as defendant's answers to interrogatories pictured them, defendant [United States] was not actually building or constructing the dam itself. It had let a contract to general contractors for that purpose. With that state of facts in mind, we find in the Idaho Act, and the decisions construing it, a conclusive reason why the United States, or a private person in its position, could not be an 'employer' under the Act. § 72–1010 provides that 'employer' under the Act 'includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on.' This is limited to the owner who is the 'operator of the business there carried on.' It does not make every owner or lessee of premises an employer. It makes such owner the employer when he is carrying on a business there. Thus the Supreme Court of Idaho has held that a physician who owned a lot and let a contract to a builder for the erection of a residence thereon was not an 'employer' of a laborer hired by the build-

er to work on the construction job. Moon v. Ervin, 64 Idaho 464, 133 P.2d 933. The reason was that if it is sought to hold one as an employer in a situation of this kind, it must be shown that such person was the proprietor or operator of some business there carried on. Following that case, that court held that when the City of Pocatello let a contract to a general contractor for the construction of certain sewers in the city, the general contractor, not the city, was the 'employer' of a person hired by subcontractors who was killed while working on the sewer trench. Gifford v. Nottingham, supra. [68 Idaho 330, 193 P.2d 831] It seems clear that the United States in this case occupied a position analogous to that of the physician in Moon v. Ervin, and that of the City in Gifford v. Nottingham. See also McGee v. Koontz, 70 Idaho 507, 223 P.2d 686. We think that the teaching of those two cases is that the United States could not be said, within the meaning of § 72–1010, to be 'virtually the proprietor or operator of the business there carried on.' It was not carrying on a business." Kirk v. United States, 232 F.2d at 768–769.

Applying that analysis to the facts in the cause at bar, it is clear that the B.L.M. was not decedent's statutory employer. The B.L.M. had contracted with respondent that he perform the work required by the con-

tract. The facts herein are analogous to those disclosed in Kirk v. United States, supra, Moon v. Ervin, supra, and Gifford v. Nottingham, supra, in each of which the principal was held not to be a statutory employer of the injured worker.

We deem the views expressed herein dispose of appellant's remaining assignments of error.

The order of the Industrial Accident Board is affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE and TAYLOR, JJ., concur.

KNUDSON, J., sat at the argument, but retired from office prior to the decision.