520 P.2d 858

Ragnar H. BACKSEN, Jr., Claimant-
Appellant,

v.

Gene BLAUSER, dba Blauser Trucking,
Employer, Defendant-Respondent.

No. 11286.

Supreme Court of Idaho.

April 1, 1974.

William F. Gigray, III, Gigray, Downen
& Morgan, Caldwell, for claimant-appel-
lant.

William F. Yost, Weeks, Yost & White,
P. A., Nampa, for defendant-respondent.

BAKES, Justice.

Claimant-appellant Ragnar H. Backsen,
Jr., hereinafter claimant, a resident of
Canyon County, Idaho, was employed by
Blauser Trucking, hereinafter Blauser, a
sole proprietorship licensed by the Idaho
Public Utilities Commission to transport
agricultural products within a 150-mile ra-
dius of Nampa, Idaho. Blauser is primari-
ly engaged in hauling unprocessed agricul-
tural products (e. g., hay, sacked onions,
etc.) from the field for farmers of Canyon
County. The hauling of unprocessed agri-
cultural products comprised 75–90% of re-
spondent's business. Claimant was hired
as a truck driver and hay stacker and was
required to obtain a chauffeur's driver's li-
cense. In the performance of claimant's
duties he would haul the product from the
field to Blauser's client's designated deliv-
ery point. On July 13, 1972, claimant, dur-
ing the course of his employment, injured
his knee while stacking hay. On that par-
ticular day, a farmer had engaged Blauser
to move hay from the farmer's field to the
farmer's barn. The injury occurred while
claimant was restacking bales of hay in the
farmer's barn.

On July 18, 1972, claimant again injured
his knee while in the course of his employ-
ment. This injury occurred as claimant
entered a truck and bumped his knee. On
that particular day, the job was to move
bales of hay from the farmer's field to a
place next to his barn.

On August 10, 1972, claimant filed an application for a hearing in the Industrial Commission. Following the hearing held on November 2, 1972, the Industrial Commission ruled that since Blauser's general business was within the definition of agricultural pursuits, claimant's employment must also be considered agricultural and thus exempt from workmen's compensation coverage. From this holding, claimant brings this appeal.

The sole issue presented for this Court's determination is whether claimant's employment was an agricultural pursuit and thus exempt from workmen's compensation coverage. We answer in the negative and hold that claimant was not engaged in an agricultural pursuit at the time he was injured.

I.C. § 72–203 provides that the workmen's compensation laws shall apply to all public employment and all private employment not expressly exempt by I.C. § 72–212. I.C. § 72–212(8) provides for an exemption for employment in agricultural pursuits. Agricultural pursuit is defined as follows:

" . . . Agricultural pursuits, as used herein, shall include the raising or harvesting of any agricultural or horticultural commodity including the raising, pelting, shearing, feeding, caring for, training and management of livestock, bees, poultry and fur-bearing animals and wildlife raised in captivity, on enclosed lands and public range." I.C. § 72–212(8).

The test for determining whether the activity in this case falls within the purview of the workmen's compensation laws or is exempt therefrom was stated by this Court in Reedy v. Trummell, 90 Idaho 318, 410 P.2d 654 (1966), wherein the Court stated:

"The test for determining whether the activity is one which is covered by the workmen's compensation law or is exempt therefrom, is not the immediate task the workman is doing at the time of the accident, but the occupation or pursuit of the employer considered as a

whole. (Cases cited)." 90 Idaho at 321, 410 P.2d at 656.

*See also* Manning v. Win Her Stables, Inc., 91 Idaho 549, 428 P.2d 55 (1967).

We recognize, however, that the "line of demarcation between employment that is agricultural or not is extremely attenuated," Mulanix v. Falen, 64 Idaho 293, at p. 296, 130 P.2d 866, at p. 867 (1942); *see also* Hubble v. Perrault, 78 Idaho 448, 304 P.2d 1092 (1956), and that the same work done under certain conditions and circumstances may be agricultural and under other conditions and circumstances not. Mulanix v. Falen, *supra.* In Mundell v. Swedlund, 59 Idaho 29, 80 P.2d 13 (1938), this Court quoted with approval from Peterson v. Farmers' State Bank of Eyota, 180 Minn. 40, 230 N.W. 124, as follows:

" 'A workman is not a farm laborer simply because at the moment he is doing work on a farm; nor because the task on which he is engaged happens to be what is ordinarily considered farm labor. The employee of an implement dealer does not become a farm laborer while engaged in correcting the behavior of a self-binder in the grain field of the owner, a farmer and customer of the dealer. Nor would the employee of a well digger become a farm laborer while stabling horses used on the drilling outfit. But a farmer's hired man would not cease to be a farm laborer while adjusting harvesting machinery or stabling the horses of a contractor drilling a well on the place . . . . Neither the pending task nor the place where it is being performed is the test. The whole character of the employment must be looked to to determine whether he is a farm laborer.' " 59 Idaho at 36, 80 P.2d at 16.

It is also well established that after a workman establishes an employer-employee relationship, the burden falls upon the employer to prove that he is within an exception to coverage as set forth in I.C. § 72–212. Lynskey v. Lind, 94 Idaho 788, 498 P.2d 1261 (1972); Manning v. Win Her Stables, *supra.*

Applying these general principles to the facts in this case, we conclude that Blauser's business was not agricultural as the term is commonly understood, but trucking, and thus not exempt from the workmen's compensation laws. The Industrial Commission found that Blauser operates "Blauser Trucking" under permit from the Idaho Public Utilities Commission to transport agricultural products within a radius of 150 miles of Nampa, Idaho. The commission further found that Blauser's work consisted of hauling hay from the farmer's fields to the farmer's barn for stacking, or from the farmer's field to barn, or from field to place of sale, the hay for utilization in the agricultural process of feeding or caring for livestock. A trucker who is engaged primarily in the business of transporting baled hay from field to bar, or from field to place of sale, is not "raising or harvesting" an agricultural product within the definition set forth in I.C. § 72–212(8). At the time Blauser Trucking loaded the baled hay, it was a finished product. Nothing else needed to be done to it prior to its being sold or utilized. See Mulanix v. Falen *supra;* cf. Mundell v. Swedlund, 59 Idaho 29, 80 P.2d 13 (1938). Additionally, the commission found that Blauser's trucking business consisted of hauling unprocessed agricultural products in the percentage of approximately 75–90% of total business. This would indicate that between 10% and 25% of Blauser's business consisted of hauling processed agricultural commodities which definitely would not come within the definition of agricultural pursuit.

Viewing Blauser's business as a whole, we are constrained to find that his business consisted of "transporting" finished agricultural products and was not "raising or harvesting" agricultural products within the purview of I.C. § 72–212. Since the nature of Blauser's business in this case is determinative of claimant's status in regard to workmen's compensation coverage, we find that claimant's employment was not in an agricultural pursuit and that claimant was covered by workmen's compensation laws.

The order of the Industrial Commission is reversed with directions to enter a new order in conformation with this opinion.

Costs to appellant.

SHEPARD, C. J., and DONALDSON, McQUADE and McFADDEN, JJ., concur.