572 P.2d 178

**Kurtis L. DWIGANS,
Claimant-Respondent,**

v.

**Vernon D. OLANDER, Employer,
Defendant-Appellant.**

No. 12442.

Supreme Court of Idaho.

Dec. 6, 1977.

Hugh C. Maguire, Jr., of Maguire, Kisling & Ward, Pocatello, for employer, defendant-appellant.

C. Timothy Hopkins of Hopkins & French, Idaho Falls, for claimant-respondent.

PER CURIAM.

The defendant-appellant, Vernon D. Olander, conducts a business called "Custom Manure Spreading" which involves cleaning manure out of feedlots and corrals and spreading it on farmlands. Olander provides this service to numerous farmers in southern Idaho. Olander contracts to load and haul the manure at a specified price per truck load and distributes the manure on the farmer's land in accordance with the farmer's instructions.

The claimant-respondent, Kurtis I. Dwigans, was employed by Olander to drive one of the manure spreading trucks used in the business. On November 1, 1975, Dwigans was injured while servicing one of the manure spreaders. Dwigans subsequently filed a claim with the Idaho Industrial Commission seeking workmen's compensation benefits. Olander refused to pay the claim on the grounds that his business was an "agricultural pursuit" within the meaning of I.C. § 72–212(8),[1] thus exempting him from coverage under the Workmen's Compensation Laws.

After a hearing, the Industrial Commission found that Olander was not engaged in an "agricultural pursuit" within the meaning of the statute and that Dwigans' employment was covered and subject to the Workmen's Compensation Laws of the state. Olander appeals from this decision.

Idaho Code § 72–203 states that the Workmen's Compensation Law "shall apply

---

1. "72–212. Exemptions from coverage.—None of the provisions of this law shall apply to the following employments unless coverage thereof is elected as provided in section 72–213, Idaho Code.

\* \* \* \* \* \*

(8) Agricultural pursuits. Agricultural pursuits, as used herein, shall include the raising or harvesting of any agricultural or horticultural commodity including the raising, pelting, shearing, feeding, caring for, training and management of livestock, bees, poultry and fur-bearing animals and wildlife raised in captivity, on inclosed lands and public ranges.

\* \*. \*."

to all * * * private employment not expressly exempt by the provisions of 72–212." It has been the policy of this Court to construe exemptions narrowly and to resolve "doubtful cases * * * in favor of compensation * * *." *Goodson v. L. W. Hult Produce Co.*, 97 Idaho 264, at 266, 543 P.2d 167, at 169. Once a workman establishes "an employee-employer relationship, the burden falls upon the employer to prove that he is within an exception to coverage as set forth in I.C. § 72–212." *Backsen v. Blauser*, 95 Idaho 811, at 812, 520 P.2d 858, at 859. This Court has stated before that the occupation or pursuit of the employer considered as a whole is the test for determining whether the activity is covered by or exempt from the Workmen's Compensation Laws. *Reedy v. Trummell*, 90 Idaho 318, 410 P.2d 654 (1966).

This Court has been presented with the same question on numerous occasions, i.e. whether a particular activity is an "agricultural pursuit" within the meaning of I.C. § 72–212(8). *Goodson v. L. W. Hult Produce Co., supra* ; *Lopez v. Allen*, 96 Idaho 866, 538 P.2d 1170 (1975); *Backsen v. Blauser, supra* ; *Reedy v. Trummell, supra* ; *Hubble v. Perrault*, 78 Idaho 448, 304 P.2d 1092 (1956); *Bartlett v. Darrah*, 76 Idaho 460, 285 P.2d 138 (1955); *Mundell v. Swedlund*, 59 Idaho 29, 80 P.2d 13 (1938); *Cook v. Massey*, 38 Idaho 264, 220 P. 1088 (1923). After reviewing the general principles set forth in the cases cited above, we conclude that the Industrial Commission was correct in holding that Olander's business was not an "agricultural pursuit" within the meaning of I.C. § 72–212(8). The Industrial Commission correctly applied the test set forth in *Reedy* to determine whether Olander's business was covered by the Workmen's Compensation Laws. Olander was not a farmer, but rather a businessman providing a limited, specific service to farmers on a contract basis. It would be incorrect to say that Olander's business constituted the "raising and harvesting" of agricultural products.

The decision of the Industrial Commission is affirmed. Costs to respondent.