590 P.2d 1010

**Robert A. SUTHERLIN, Plaintiff-Appellant,**

v.

**David GRANT, Defendant-Respondent.**

**No. 12701.**

Supreme Court of Idaho.

Feb. 20, 1979.

David Lee Posey, Payette, for plaintiff-appellant.

Lary C. Walker of Walker & Sanders, Weiser, for defendant-respondent.

TOWLES, Judge Pro Tem.

This is an appeal from an order of the Industrial Commission denying plaintiff-ap-

pellant Sutherlin compensation for an injury sustained while working for the respondent, David Grant.

Grant employed Sutherlin during a portion of January and early February of 1976 to assist him chopping hay. On February 11, 1976, Sutherlin was injured when his right hand was caught in a chopping machine. Sutherlin then filed a claim against Grant with the Industrial Commission on August 9, 1976. The Industrial Commission held a hearing on May 12, 1977, and entered its findings of fact and conclusions of law and order denying Sutherlin's claim based on their finding that his employment was exempt from Workmen's Compensation coverage under the "Agricultural Pursuit" exemption.

Sutherlin then brought this appeal contending that the commission erred in ruling that his employment with Grant was in the nature of an agricultural pursuit.

At the time of the accident David Grant farmed some 360 acres near Payette, Idaho, raising hay on 280 acres and feed grain on the remaining 80 acres. He used the hay and grain he raised on this acreage to feed approximately 130 head of cattle. Whatever hay Grant did not use for immediate feeding, he would either store or sell to a local feedlot.

Grant always fed chopped hay to his cattle since their digestive tracts better utilize the hay in this form. The feedlot to which he sold his hay also used it exclusively in its chopped form. Thus when harvesting his hay, Grant would first cut it and simultaneously windrow it. He would then chop an amount of hay for his own use as well as for sale to the feedlot using a hay chopping machine. He would bale the remaining hay and store it until he needed it in the future.

When more hay was needed Grant and his employees would process the baled hay through the chopping machine. This required that the binding strings on the bales be cut by hand. Then the bales were fed into a bale buster, and then into the hay chopper.

During the period of time involved in this case, Grant spent approximately ten percent of his time chopping hay and ninety percent of his time on other farm operations. Five percent of his hay chopping time was spent on hay for sale to the feedlot or others. The remainder of the hay chopping time was spent on chopping hay for his own use. Grant derived only two percent of his gross income from the sale of chopped hay.

Occasionally Grant purchased hay from other farmers, and after chopping this hay, he would sell some of it to the feedlot. The commission found that on the day of Sutherlin's accident Grant was chopping hay but it made no finding as to the ultimate consumer of the chopped hay.

During the latter portion of January and early February of 1976, Sutherlin worked approximately eleven days for Grant earning between $70 and $100 in wages. Sutherlin spent all of those eleven days chopping hay. Sutherlin was injured on February 11, 1976.

The only issue which Sutherlin raises on appeal is whether the commission erred in concluding Sutherlin's employment with Grant was exempt from Workmen's Compensation coverage under the "Agricultural Pursuit" exemption contained in I.C. § 72–212(8). That subsection defines agricultural pursuits:

(8) Agricultural Pursuits. Agricultural pursuits, as used herein, shall include the raising or harvesting of any agricultural or horticultural commodity including the raising, pelting, shearing, feeding, caring for, training and management of livestock, bees, poultry, and fur bearing animals and wildlife raised in captivity, on enclosed lands and public ranges.

In *Dwigans v. Olander,* 98 Idaho 744, 572 P.2d 178 (1977), this Court recently observed:

Idaho Code Section 72–203 states that the Workmen's Compensation law "shall apply to all . . . private employment not expressly exempt by the provision of 72–212." It has been the policy of this Court to construe exemptions nar-

rowly and to resolve "doubtful cases . . . in favor of compensation . . . ." *Goodson v. L. W. Hult Produce Company*, 97 Idaho 264, at 266, 543 P.2d 167, at 169. Once a workman establishes "an employee-employer relationship, the burden falls upon the employer to prove that he is within an exception to coverage as set forth in I.C. § 72–212." *Backsen v. Blauser*, 95 Idaho 811, at 812, 520 P.2d 858, at 859. This Court has stated before that the occupation or pursuit of the employer considered as a whole is the test for determining whether the activity is covered by or exempt from the Workmen's Compensation Laws. *Reedy v. Trummell*, 90 Idaho 318, 410 P.2d 654 (1966).

It is well settled in Idaho that on appeal, this Court will not disturb the findings of the commission when supported by substantial, competent evidence. *Murray v. Hecla Mining Co.*, 98 Idaho 688, 571 P.2d 334 (1977); *Ellison v. Bunker Hill Co.*, 97 Idaho 694, 551 P.2d 1330 (1976); *Gradwohl v. J. R. Simplot Co.*, 96 Idaho 655, 534 P.2d 775 (1975); *Earl v. Swift and Co.*, 93 Idaho 546, 467 P.2d 589 (1970); *Duerock v. Acarregui*, 87 Idaho 24, 390 P.2d 55 (1964). Here the commission found that the employer's activities "when considered as a whole" involved the raising or harvesting of agricultural commodities. This finding is fully sustained by the evidence.

We affirm the decision of the Industrial Commission.

SHEPARD, C. J., McFADDEN and DONALDSON, JJ., and MAYNARD, J., Pro Tem., concur.