769 P.2d 577

**Blaine SELLMER, Claimant–Appellant,**

v.

**Warren RUEN and Vernon Ruen, dba Ruen Farms, Inc., Employer,**

and

**Associated Loggers Exchange, Surety, Defendants–Respondents.**

No. 17228.

Supreme Court of Idaho.

Feb. 15, 1989.

Verby, Elsaesser & Jarzabek, Sandpoint, for claimant-appellant. Joseph Edward Jarzabek argued.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents. Thomas V. Munson argued.

SHEPARD, Chief Justice.

This is an appeal from an order of the Industrial Commission holding that claimant-appellant Sellmer was injured while engaged in an agricultural pursuit, and hence not covered under the strictures of the workman's compensation statutes, I.C. § 72–212(8). We affirm.

Claimant was employed by Ruen Farms, Inc., which insofar as this appeal is concerned, operates two potato "cellars" or warehouses, one located on Ruen Farm properties, and the other located in Clark Fork, Idaho. Ruen Farms raises and harvests potatoes which are first located in a cellar on the farm, and later moved to the cellar in Clark Fork. Both cellars are owned by Ruen Farms, Inc., and only Ruen Farms, Inc. potatoes are stored therein.

The potatoes grown, harvested and stored by Ruen are seed potatoes. The majority of Ruen customers buy potatoes in bulk, and only a few buy potatoes in sacks. Ruen has no facility in which to process potatoes for other than seed use.

Claimant Sellmer was hired approximately May 1, 1984, to be a laborer in Ruen's seed potato operation to work in the potato cellars, and was injured on May 12, 1984, while lifting sacked potatoes at Ruen's warehouse in Clark Fork.

The Industrial Commission denied Sellmer's claim for workman's compensation benefits, holding that he was engaged in employment in an agricultural pursuit under I.C. § 72–212(8), and therefore his employment was exempt from the provisions of the Idaho Workman's Compensation law. Claimant contends on this appeal that his employment was not in an agricultural pursuit because he was handling a finished agricultural product at the time of his injuries.

Employees engaged in agricultural pursuits are exempted from coverage under Idaho's workman's compensation provisions, and under the provisions of the statute, agricultural pursuit is defined as:

> The raising or harvesting of any agricultural or horticultural commodity including the raising, pelting, shearing, feeding, caring for, training and management of livestock, bees, poultry and fur bearing animals and wildlife raised in captivity, on enclosed lands and public ranges ... the loading and transporting, by motor vehicle, of any agricultural or horticultural commodity to any storage, processing, distribution or manufacturing destination and the unloading of the commodity at such destination....

■ This Court in *Lesperance v. Cooper*, 104 Idaho 792, 663 P.2d 1094 (1983), set forth a three-pronged analysis to determine if a claimant's activities fall within the confines of "agricultural pursuit." There the factors to be considered are set forth as 1) the general nature of the employer's business, 2) the traditional meaning of agriculture, and 3) the unique characteristics of the individual business. In the instant case

the general nature of the business of Ruen Farms, Inc. is the cultivation, harvesting and sale of seed potatoes. All other enterprises of Ruen are distinctly separate from this farming operation. In *Lesperance*, agriculture is defined as work "ordinarily done by farmers," and clearly the cultivation and sale of seed potatoes is encompassed in that definition. It was stated in *Cook v. Massey*, 38 Idaho 264, 220 P. 1088 (1923), that agricultural pursuit properly includes "every process and step taken necessary to the completion of a finished farm product." Claimant Sellmer argues that since he was injured while lifting a bag of potatoes, he was involved in a "commercial operation." We disagree. The provisions of I.C. § 72–212(8) specifically include the "loading and unloading of an agricultural commodity." Hence, we conclude that Sellmer was, at the time of his injury, involved in an agricultural pursuit as defined by the statute, and as such is exempt from the provisions of workman's compensation coverage. *See Lesperance, supra. See also Manning v. Win–Her Stables, Inc.*, 91 Idaho 549, 428 P.2d 55 (1967); *Mulanix v. Falen*, 64 Idaho 293, 130 P.2d 866 (1942).

Claimant Sellmer further asserts that the agricultural exemption provisions of I.C. § 72–212(8) violate the equal protection clauses of both the Idaho and United States Constitutions. The Idaho Workman's Compensation Act has included the exemption for agricultural pursuit since it was enacted in 1917. That Act was to provide "for compensation to employees for personal injuries sustained in the course of *public* and *industrial* employment." (emphasis added). 1917 Idaho Sess.Laws ch. 81, p. 252.

■ A duly enacted statute carries with it a presumption of its constitutionality. *Moon v. State Board of Land Commissioners*, 111 Idaho 389, 724 P.2d 125 (1986). In *Florek v. Sparks Flying Service, Inc.*, 83 Idaho 160, 359 P.2d 511 (1961), this Court stated: "Judicial inquiry does not concern itself with the accuracy as to the legislative finding, but only with the question of whether it so lacks any reasonable basis as to be arbitrary." Both this

Court and the United States Supreme Court have upheld the constitutionality of the agricultural exemption. *Florek, supra; Carmichael v. Southern Coal & Coke Co.,* 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937). *See also Doe v. Hodgson,* 478 F.2d 537 (1973); *Romero v. Hodgson,* 319 F.Supp. 1201 (1970). While we may disagree with the wisdom of the legislature in exempting agricultural employees from the coverage of the workman's compensation statute, we are required to defer to its judgment. The order of the Industrial Commission is affirmed; costs to respondents.

BAKES and HUNTLEY, JJ., and BENGTSON, District Judge Pro Tem., concur.

JOHNSON, Justice, concurring specially.

I concur with the portion of the majority opinion of the Court affirming the decision of the Industrial Commission that Sellmer was involved in an agricultural pursuit at the time of his injury. The Commission applied the correct legal standard. There was substantial competent evidence to support the decision of the Commission.

My concurrence with the decision to affirm the Commission should not be read as a concurrence with the portion of the Court's opinion that upholds the constitutionality of the agricultural exemption. In my view, it is inappropriate for us to address that question in this case. The Commission appropriately concluded that it was beyond the scope of its authority to decide constitutional issues regarding the worker's compensation law. I agree. Questions of constitutionality of the worker's compensation laws should be raised in appropriate actions in the district court or in appropriate original proceedings before this Court.

HUNTLEY, J., concurs.